Myftari v. Barr

BIA
Lamb, IJ
A205 897 759

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

DENIS MYFTARI,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

17-2947
NAC

FOR PETITIONER: Adrian Spirollari, Brooklyn, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General, Civil Division; John S. Hogan, Assistant Director; Brianne Whelan Cohen, Senior

Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Denis Myftari, a native and citizen of Albania, seeks review of an August 23, 2017 decision of the BIA affirming a February 8, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Denis Myftari,* No. A205 897 759 (B.I.A. Aug. 23, 2017), *aff'g* No. A205 897 759 (Immig. Ct. N.Y. City Feb. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).[1] The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B).

___

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

For the following reasons, we vacate and remand for further consideration consistent with this order.

First, the BIA agreed with the IJ that Myftari's testimony was not credible because it was vague. However, "in a proceeding wherein an alien seeks relief from removal, a finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien." *Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008). Neither the IJ nor the BIA indicated what testimony was vague, so we cannot assess whether the IJ or government attorney attempted to elicit further details. "Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). "Inadequate analysis" is "not excused by the fact that a hypothetical adjudicator, applying the law correctly, might also have denied the petition for asylum." *Id.*

Second, the BIA agreed with the IJ that Myftari failed to provide sufficient corroborating evidence. "Where the

3

trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). "[W]hen relying upon an alien's failure to provide corroborating evidence [,] . . . [a]n IJ should point to specific pieces of missing, relevant documentation and show that this documentation was reasonably available, an alien must have an opportunity to explain the omission, and the IJ must assess any explanation that is given." *Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009).

The IJ and BIA relied, in part, on the fact that Myftari provided no documentation corroborating his testimony that he lost his job because of his religion. The IJ also noted that Myftari provided no evidence from family members to corroborate his claims of past persecution. But the IJ never solicited an explanation for this failure. And if his employer fired him and his family disowned him because of his religion, as Myftari has asserted, then his inability to obtain corroborating documentation from them is perfectly understandable. *Cf. Cao He Lin v. U.S. Dep't of Justice*, 428

4

F.3d 391, 404 (2d Cir. 2005) (it unreasonable to expect a document from an alleged persecutor).

When the IJ fails to comply with these rules regarding vague testimony and corroborating evidence, we nonetheless "generally do not reject the IJ's findings outright, because, despite the errors, it is true in most cases that a reasonable fact-finder would not be compelled to reach an opposite conclusion." *Id.* at 395. But nor do we "ordinarily deny the petition for review because we cannot determine whether the IJ would have reached the same conclusion had she not erred. In these instances, we vacate and remand for further proceedings conducted in accord with the opinion." *Id*. We believe such a remand is appropriate here.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5